## STATE *vs.* CARMELA BORRELLI.

*Murder—Weight of Evidence—Credibility of Witnesses—Mur der of Second Degree—Implied Malice—Use of Deadly Weapon— Presumptions—Intent—Manslanghter—Transport of Passion—Words—Gestures—Slight Assault—Provocation—Self-Defense—Burden of Proof—Unnecessary Force—Apprehension of Danger— Reasonable Doubt—Verdict.*

1.  Of the facts as disclosed by the evidence, the jury are the sole judges.

2.  Where the testimony is conflicting the jury should reconcile it if possible, but if they cannot, they should accept that part of it which they deem worthy of credit, and reject that which they deem unworthy of credit having due regard to the intelligence or ignorance, impartiality or bias of the witnesses, and their opportunity to know the facts.

3.  Murder of the second degree exists where the killing was done with implied malice.

4.  In the law of murder, implied malice is an inference or con clusion of law from the facts found by the jury.

5.  Where there is no deliberate mind or formed design to take life, or to perpetrate a crime punishable by death, but where the killing was done without justification or excuse, and without sufficient provocation to reduce the offense to manslaughter, the crime is murder of the second degree.

6.  Where the killing was done under the influence of a wicked and depraved heart, or with a cruel and wicked indifference to human life, the law implies malice, and makes the offense murder of the second degree.

7.  A homicide with a deadly weapon is presumed to be malicious until the contrary appears, and the burden of showing the contrary is on the accused; for the natural and probable consequences of the act are presumed in law to have been intended.

8.  It is not essential to murder of the second degree that the accused intended to kill when striking the fatal blow.

9.  Manslaughter is the unlawful killing of one person by another without malice; and to reduce the crime to manslaughter the provocation must be so great as to produce such a transport of passion as to render a person for the time being deaf to the voice of reason.

10.   Manslaughter results not from malice but from unpremeditated and unreflecting passion.

11.   No looks, or gestures, however insulting; no words, however opprobrious or offensive, can amount to a provocation sufficient to justify even a slight assault.                                          .

12.   A slight assault will not excuse killing the assailant with a deadly weapon, so as to reduce the offense to manslaughter.

13.   The burden of establishing self-defense rests with the accused.

14.   No more force may be used than is necessary to repel or resist an assault, and if the person assaulted uses greater force, he becomes the aggressor.

15.   No one may take life in self-defense, unless there is no other means of escape from death, or great bodily harm.

16.   Though an attack be of such a character, as to create in the mind of the assailed a reasonable belief that he is in danger of death or great bodily harm, it is his duty to use only such reasonable means as are within his power to avoid killing his assailant.

17.   If one is attacked and from the character of the attack, he has reasonable cause to believe and does believe that he is in imminent danger of death or great bodily harm, and he has no other reasonable means of avoiding or preventing death or great bodily harm, then the killing of his assailant would be a justifiable act of self-defense; but if the attack was trifling, and manifested no purpose or intention to inflict serious injury repelling it by the use of a deadly weapon likely to produce death, would not be justifiable.                                          .

18.   To justify a killing, it is not sufficient that the accused believed herself to be in danger of death or great bodily harm at the hands of the deceased, but the circumstances must have been such as to justify a reasonable person in such belief, and that there was no other reasonable way of avoiding such danger.

19.   It is incumbent on the State to prove beyond a reasonable doubt, every material ingredient of the crime charged.

20.   Should the jury after weighing and considering all the evidence entertain a reasonable doubt as to the guilt of the prisoner, it will inure to her benefit and entitle her to an acquittal.

21.   A reasonable doubt is not a mere vague, fanciful or speculative doubt, but such a doubt as fair-minded and conscientious men might entertain after a careful consideration of all the evidence.

22.   In a prosecution for murder of the second degree, the jury may find the accused guilty in manner and form as indicted, or of manslaughter, or of an assault only, or not guilty, as the evidence warrants.

(*May* 17, 1910.)                                          ·

Charge.

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.

*Andrew C. Gray*, Attorney-General, and *Josiah O. Wolcott*, Deputy Attorney-General for the State.

*Philip L. Garrett* for the prisoner.

At a Court of Oyer and Terminer for New Castle County, beginning May 16, 1910, Carmela Borrelli, the prisoner, a young Italian woman, was placed on trial upon an indictment charging her with murder of the second degree, for killing one Andrew Nordine, by shooting him, at 216 East Second Street, in Wilmington, on April second, 1910.

CONRAD, J., charging the jury:

Gentlemen of the jury:—Carmela Borrelli, the prisoner at the bar stands indicted for the murder of Andrew Nordine on the second day of April last, in the city of Wilmington in this county.

The uncontradicted evidence in the case as well as the admission of the defendant shows that the said Andrew Nordine came to his death on the day mentioned by reason of one or two pistol shots discharged by the prisoner. The defense set up by the prisoner is justifiable homicide, that is, that while admitting the killing she had ample excuse and justification for the act. Of the facts as disclosed by the evidence you are the sole judges and it remains for the Court to instruct you regarding the law of homicide.

Where the testimony is conflicting the jury should reconcile it if possible, but if this cannot be done, they should accept that part of it which they deem worthy of credit, and reject that which they deem unworthy of credit, having due regard to the intelligence or ignorance, and impartiality or bias of the witnesses and their opportunity to know the facts to which they testify.

By the law of this State felonious homicide is of three kinds,—

murder of the first degree, murder of the second degree and
manslaughter. It is not necessary for the Court to explain to
you at any length what constitutes murder of the first degree
because the prisoner is not charged with that degree of murder..
We may say, however, that to establish murder of the first de-
gree it must be shown that the killing was committed with ex-
press malice aforethought, that is, with a sedate deliberate mind,
and formed design to kill.

Murder of the second degree, which is the crime charged
against the prisoner, is where the killing was done with im-
plied malice. Implied malice is an inference or conclusion of the
law from the facts found by the jury.

Where there is no deliberate mind or formed design to
take life, or to perpetrate a crime, punishable by death, but where
the killing was done without justification or excuse, and without
provocation, or without sufficient provocation to reduce the
offense to manslaughter, the crime is murder of the second de-
gree. Where the circumstances show that the killing was
done under the influence of a wicked and depraved heart, or with
a cruel and wicked indifference to human life, the law implies
malice and makes the offense murder of the second degree.

All homicides with a deadly weapon, that is with a weapon
likely to produce death, are presumed to be malicious, until the
contrary appears from the evidence, and the burden of proof is
on the accused, as the natural and probable consequences of the
use of a deadly weapon are presumed by the law to have been
intended by the person so using it. If death ensues from an
unlawful cruel act of violence on the part of the slayer, in the
absence of adequate or sufficient provocation, the law implies
that such was done maliciously, and the crime is murder of the
second degree. In order to constitute the crime of murder of the
second degree, it is not essential that the slayer intended to kill
his victim at the time he struck the fatal blow,

Manslaughter is where one person unlawfully kills another
without malice. In order to reduce the crime to manslaughter
the provocation must be very great; so great as to produce

Charge.

such a transport of passion as to render the person for the time being, deaf to the voice of reason.    Manslaughter results not from malice but from unpremeditated and unreflecting passion.

As regards self-defense, the Court would say that no looks or gestures, however insulting; no words however opprobrious or offensive can amount to a provocation sufficient to justify even a slight assault.    Nor can a slight assault excuse the killing of the assailant with a deadly weapon so as to reduce the offense from the grade of murder to that of manslaughter.

The burden of establishing self-defense to the satisfaction of the jury rests with the accused.    In repelling, or resisting an assault, no more force may be used than is necessary for the purpose, and if the person assaulted use in his defense greater force than is necessary for that purpose, he becomes the aggressor. No one may take the life of another even in self-defense, unless there is no other means of escape from death, or from great bodily harm.

If the deceased first attacked the accused, even though the attack was of such a character as to create in the mind of the accused a reasonable belief that she was in danger of death or great bodily harm, it was her duty to use only such reasonable means as were within her power to avoid killing her assailant.

If one is attacked and from the character of the attack he or she had reasonable cause to believe and did believe that he or she was in imminent danger of death or great bodily harm, and he or she had no other reasonable means of avoiding or preventing death or great bodily harm, then the killing of the deceased would be a justifiable act of self-defense.    But if the attack was of a trifling nature, and manifested no purpose or intention on the part of the assailant to inflict any serious injury, the repelling of such an attack by the use of a deadly weapon likely to produce death, would not be an act of justifiable homicide.

In ascertaining whether the accused was in any, and in what danger of injury at the hands of the deceased when she discharged the pistol, and if in such danger, whether she took the proper

Verdict.

course to avoid such danger, the jury should consider all the facts and circumstances of the case as disclosed by the witnesses.

In order to justify a killing it is not sufficient that the accused believed herself to be in danger of death or great bodily harm at the hands of the deceased, but the circumstances must have been such as to justify a reasonable person in such belief, and further that there was no reasonable way of avoiding such danger except by slaying the assailant.

The State is bound to prove beyond a reasonable doubt every material ingredient of the crime charged. If after weighing and considering all the evidence you should entertain a reasonable doubt as to the guilt of the prisoner, you should give her the benefit of such a doubt and your verdict should be not guilty. A reasonable doubt is not a mere vague, fanciful or speculative doubt, but such a doubt as fair-minded and conscientious men might entertain after a careful consideration of all the evidence in the case.

If you are not satisfied beyond a reasonable doubt that the prisoner unlawfully killed Andrew Nordine, or even if you should be convinced that she did kill him, and if you are satisfied that she did it in necessary and lawful self-defense, as we have defined it to you, your verdict should be not guilty. If, however, you are satisfied that the prisoner killed the deceased unlawfully but without malice your verdict should be guilty of manslaughter.

If you do not believe the prisoner guilty either of murder of the second degree or of manslaughter, you are at liberty to find her guilty of assault only, if the evidence in the case would warrant you in so doing.

If you believe that the prisoner killed the deceased without justification or excuse and without provocation, or without sufficient provocation to reduce the offense to manslaughter, your verdict should be guilty of murder in the second degree.

Verdict, not guilty.